**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TIM J. VANDEN HEUVEL, SB# 140731
  E-Mail: tim.vandenheuvel@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant Selection
Management Systems, Inc., dba Selection.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GRECO, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br>v.<br><br>SELECTION MANAGEMENT SYSTEMS, INC. dba SELECTION.COM and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. '14CV1174 JM  NLS<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant Selection Management Systems, Inc., dba Selection.com through its undersigned counsel, hereby removes this action, filed with the Superior Court of the State of California for the County of San Diego-Central Division as case no. 37-2014-00085074-CU-BT-CTL, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support thereof, Defendant Selection Management Systems, Inc., dba Selection.com

4834-6713-0906.1

NOTICE OF REMOVAL

states:

1. On or about January 27, 2014, Plaintiff Christopher Greco ("Plaintiff") commenced this putative class action against Defendant Selection Management Systems, Inc., dba Selection.com ("Selection") by filing a Class Action Complaint (the "Complaint") in the Superior Court of the State of California, for the County of San Diego-Central Division, case number 37-2014-00085074-CU-BT-CTL. A true and correct copy of the Summons and Complaint is filed with this Notice of Removal as Exhibit A.

2. This case properly is removed to this Court pursuant to 28 U.S.C. § 1332 and 1441.

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

3. Plaintiff purports to have served his putative Class Action Complaint by service of the Summons and Complaint upon Selection Management Systems, Inc. on April 9, 2014. There was no prior service on defendant Selection. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Superior Court of the State of California for the County of San Diego- Central Division is located in the Southern District of California. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 84 because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No previous application has been made for the relief requested.

6. Pursuant to 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Selection Management Systems, Inc. (Plaintiff's Summons and Complaint) are filed with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy will be filed with the clerk of the Superior Court of the State of California for the County of San Diego- Central Division.

///

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

7. This case is subject to removal pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

8. This is a putative class action in which (1) there are more than 100 members in the putative class, (2) both the named Plaintiff, as well as other alleged members of the putative class, are of a state different from the state of citizenship of Selection Management Systems, Inc. and (3) the pleaded claims of the proposed class members, of which the defendant admits no liability, exceeds the sum or value of Five Million Dollars ($5,000,000) in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. Class Action Consisting Of More Than 100 Members With More than $5,000,000 In Dispute.

9. By his Complaint, Plaintiff purports to bring this action on his own behalf and "All persons in the United States beginning two years prior to the filing of this Complaint and continuing through the time of judgment in this action who were the subject of a consumer report sold by Defendant Selection Management Systems, Inc. in connection with their employment that contained adverse information other than records of convictions of crime and which information antedated the report by more than seven years." (Complaint ¶ 2.)

10. Plaintiff's Complaint alleges, among other things, that: "Defendant willfully violated 15 U.S.C.A. § 1681c by instituting a policy and practice of identifying arrests and the filing of criminal charges that did not result in a conviction and reporting those events indefinitely even when they predated the reports by more than seven years." Plaintiff claims statutory damages from $100 to $1,000 per violation, punitive damages, and attorney's fees and costs.

11. During the relevant time period, Selection Management Systems, Inc. operated a business providing background reports on individuals. Since January 27, 2012, Selection Management Systems, Inc. has issued in excess of 50,000 background reports on individuals. (Declaration of Charles D. Bailey ¶ 5) Plaintiff alleges these reports each uniformly violated 15 U.S.C.A. § 1681c because defendant "institute[ed] a policy and practice of identifying arrests and the filing of criminal charges that did not result in a conviction and reporting those events indefinitely even when they predated the reports by more than seven years."

12. Plaintiff's Complaint alleges that Plaintiff and every other putative class member is entitled to statutory damages from $100 to $1,000 per violation, punitive damages, and attorney's fees and costs.

13. Multiplying the alleged minimum $100 per violation times more than 25,000 reports per year over a two year Class Period, which reports plaintiff alleges were all in violation of 15 U.S.C.A. § 1681c, along with punitive damage and fee claims, results in well in excess of $5 million dollars being in dispute in this action.

**B.  Diversity of Citizenship.**

14. The only named plaintiff is Christopher Greco ("Plaintiff" or "Greco"). Plaintiff alleges that he is a resident of Solano County, California and "at all times mentioned herein was a resident of the State of California." (Complaint ¶3).

15. Selection Management Systems, Inc. is a corporation formed in and pursuant to the laws of the State of Ohio. (Complaint ¶9) Selection Management Systems, Inc. is headquartered in Ohio, and its principal place of business during the entire putative Class Period as alleged has always been in Ohio. (Declaration of Charles D. Bailey ¶¶ section 2-3)

16. Plaintiff and Selection Management Systems, Inc. are from separate states, thereby satisfying the "minimal diversity" requirement under CAFA. 28 U.S.C. § 1332(d)(2)(A).

### C. The Local Controversy Exception To CAFA Jurisdiction Does Not Apply.

17. While Selection Management Systems, Inc. contends that it has no obligation to disprove the application of any exception to CAFA jurisdiction, and that burden rests exclusively on any party challenging jurisdiction in this court, Selection Management Systems, Inc., in an abundance of caution, further alleges that it is informed and believes the exceptions to CAFA jurisdiction are not applicable here.

18. 28 U.S.C. § 1332(d)(3), the "local controversy" exception, provides, in part:

> (3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--
> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is

dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

19.  Plaintiff seeks to represent a class of "All persons in the United States beginning two years prior to the filing of this Complaint and continuing through the time of judgment in this action who were the subject of a consumer report sold by Defendant Selection Management Systems, Inc. in connection with their employment that contained adverse information other than records of convictions of crime and which information antedated the report by more than seven years." (Complaint ¶ 2.)

20.  It appears from the nationwide definition that this is not an action where "greater than a third but less than two thirds of the members of all proposed plaintiff classes in the aggregate .....are citizens of the State in which the action was originally filed." For this reason alone, the exception provided by 28 U.S.C. § 1332(d)(3) appears not to apply.

21.  This exception also does not apply because Selection Management Systems, Inc. is a primary defendant within the meaning of 28 U.S.C. §1332(d)(3), and Selection Management Systems, Inc. is not a citizen of the State in which the action was originally filed.

22.  This exception also does not apply because the claims asserted involve matters of national or interstate interest, including interpretation and uniform application of 15 U.S.C.A. § 1681.

23.  Selection Management Systems, Inc. further contends this exception does not apply because the law that should govern this action as pleaded, should be the laws of Ohio.

D.  **The "Home State" Exception To CAFA Jurisdiction Does Not Apply.**

26.  28 U.S.C. §1332(d)(4) provides:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

(A) (i) over a class action in which--

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

24. The exception created by 28 U.S.C. 1332(d)(4) appears to not apply because: 1.) the class is nationwide, meaning two thirds in aggregate are not in California; 2.) the principal injuries resulting from the alleged conduct in Ohio were incurred, if at all, in Ohio; and, 3.) Selection Management Systems, Inc., as primary and sole defendant, is not a citizen of California.

1  WHEREFORE, Defendant Selection Management Systems, Inc. respectfully
2  removes this action from the Superior Court of the State of California, for the County
3  of San Diego- Central Division, bearing case number 37-2014-00085074-CU-BT-
4  CTL, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

6  DATED: May 9. 2014                LEWIS BRISBOIS BISGAARD & SMITH LLP

8  By: /s/Tim J. Vanden Heuvel
   Tim J. Vanden Heuvel
9  Attorneys for Defendants SELECTION
   MANAGEMENT SYSTEMS, INC. dba
   SELECTION.COM