EXHIBIT "A"

1

**SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)

2

903 Calle Amanecer, Suite 220
San Clemente, CA 92673

3

Telephone No: (949) 240-8595
Facsimile No: (949) 240-8515

4

jps@spencerlaw.net

5

**LAKESHORE LAW CENTER**

6

Jeffrey Wilens, Esq. (State Bar No. 120371)

7

18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886

8

Telephone No: (714) 854-7205
Facsimile No: (714) 854-7206

9

jeff@lakeshorelaw.org

10

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/27/2014** at 03:14:08 PM

Clerk of the Superior Court
By My-Vinh B. Pham,Deputy Clerk

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

FOR THE COUNTY OF SAN DIEGO

13

14

CHRISTOPHER GRECO individually, and on
behalf of all persons similarly situated,

15

Plaintiff,

16

17

vs.

18

SELECTION MANAGEMENT SYSTEMS,
INC. dba SELECTION.COM and DOES 1
THROUGH 100, INCLUSIVE,

19

20

Defendants.

21

Case No. 37-2014-00085074-CU-BT-CTL

**CLASS ACTION**

**COMPLAINT FOR**

**1. Violation of Civil Code § 1786.29 (a)**
**2. Violation of Civil Code § 1786.11,**
**§1786.20**
**3. Violation of 15 U.S.C.A. § 1681c**

**REQUEST FOR JURY TRIAL**

22

23

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24

1.    This action is brought pursuant to California Code of Civil Procedure §382.

25

Plaintiff CHRISTOPHER GRECO brings this action individually on his own behalf and on behalf

26

of all persons within the class and Sub Class defined herein.

27

**CLASS ALLEGATIONS**

28

2.    The Class consists of the following:

-1-

**COMPLAINT FOR DAMAGES**

All persons in the United States beginning two years prior to the filing of this Complaint and continuing through the time of judgment of this action who were the subject of a consumer report sold by Defendant SELECTION MANAGEMENT SYSTEMS, INC.in connection with their employment that contained adverse information other than records of convictions of crimes and which information antedated the report by more than seven years.

3.   The Sub Class consists of the following:

All California residents beginning two years prior to the filing of this Complaint and continuing through the time of judgment of this action who were the subject of a consumer report sold by Defendant SELECTION MANAGEMENT SYSTEMS, INC.in connection with their employment that contained adverse information other than records of convictions of crimes and which information antedated the report by more than seven years.

**PLAINTIFF**

Plaintiff CHRISTOPHER GRECO ("Plaintiff") at all times mentioned herein was a resident of the State of California, city of Vacaville, County of Solano.

4.   The persons who comprise the Class (sometimes hereinafter referred to as "PLAINTIFF," "PLAINTIFFS," "PLAINTIFF CLASS" or "Class") are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court.

5.   The claims of Plaintiff are typical of the claims of the Class he seeks to represent.

6.   Plaintiff will fairly and adequately protect the interests of the Class that he seeks to represent and Plaintiff does not have any interests that are antagonistic to the Class.

7.   Counsel for the Class are experienced, qualified and generally able to conduct complex class action litigation.

8.   This Court should permit this action to be maintained as a class action pursuant to

-2-

**COMPLAINT FOR DAMAGES**

California Code of Civil Procedure §382 because:

(a)     The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)     The Class is so numerous that it is impractical to bring all members of the Class before the Court;

(d)     Plaintiff and the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiff and the Class;

(f)     There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate the members of the Class for the injuries sustained;

(g)     Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)     Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

(2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

(h)     Defendants have acted or refused to act on grounds generally applicable to the CLASS, thereby making final injunctive relief appropriate with respect to the Class as a whole.

**DEFENDANTS**

9.     Plaintiff and the Class are informed and believe and based upon that information and belief allege that Defendant SELECTION MANAGEMENT SYSTEMS, INC., is now, and at all times mentioned in this Complaint was, a corporation based in the State of Ohio with no principal place of business in California and doing business in the County of San Diego, State of California, and throughout the State of California and United States.

10.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are unknown to the Plaintiff and the Class who therefore sue these Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff and the Class will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 100 inclusive when they are ascertained.

11.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each of the Defendants named in this Complaint, including Does 1 through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged and that Plaintiff's and the Class' damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant" or "defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

12.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each Defendant named in this Complaint, including Does 1 through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to damage the Class and to otherwise consciously and/or recklessly act in derogation of Plaintiff's and the Class' rights, and the trust reposed by Plaintiff and the Class in each of said Defendants, said acts being negligently and/or intentionally inflicted.  Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants and each of them, represented a unified body so that the actions of one Defendant was accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other

-4-
**COMPLAINT FOR DAMAGES**

1    Defendants.

2        13.    Plaintiff and the Class are informed and believe, and based upon that information

3    and belief allege, that each of the Defendants named in this Complaint, including Does 1 through

4    100, inclusive, is and at all times mentioned herein was, was the alter ego of each of the other

5    defendants, was the successor in interest or predecessor in interest, and was the agent and

6    employee of each of the other defendants and in doing the things herein alleged was acting within

7    the course and scope of this agency and authority as the agent, servant and/or employee of each of

8    the other Defendants.  Consequently, all of the Defendants are jointly and severally liable to the

9    Plaintiff and the Class for the damages sustained as a proximate result of their conduct.

10                              **FIRST CAUSE OF ACTION**

11   **FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES**

12       **ACT, CIVIL CODE § 1786.29, AGAINST ALL DEFENDANTS (BROUGHT AS**

13                              **INDIVIDUAL ACTION ONLY)**

14          (On behalf of Plaintiff CHRISTOPHER GRECO Against all Defendants)

15

16       14.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein,

17   paragraphs 1 through 13 of this Complaint.

18       15.    The California Investigative Consumer Reporting Agencies Act (ICRAA), Civil

19   Code § 1786.1 et. seq. imposes requirements on persons who furnish investigative consumer

20   reports to third parties.

21       16.    Defendant is a furnisher of employment background screening services.  As part of

22   those services, it issues written reports to persons it believes intend to use the information for

23   employment purposes, i.e., for the purpose of evaluating a consumer for employment, promotion,

24   reassignment or retention as an employee.

25       17.    On or about July 23, 2013 and on other dates currently unknown to Plaintiff,

26   Defendant issued such written reports about Plaintiff.

27       18.    These reports contained information regarding whether Plaintiff had been accused

28   of or arrested or convicted of a theft crime.

-5-
**COMPLAINT FOR DAMAGES**

19.    Because these reports contained "information on a consumer's character, general reputation, personal characteristics, or mode of living which was obtained through any means" they constituted "investigative consumer reports" within the meaning of California Civil Code § 1786.2 (c) of the Investigative Consumer Reporting Agencies Act (ICRAA).

20.    Because plaintiff is a natural person who had made application for employment purposes before these reports were issued, he was a "consumer" within the meaning of Civil Code § 1786.2 (b) of the ICRAA. The reports used about the plaintiff were used for the purpose of evaluating plaintiff for employment, promotion, reassignment, or retention as an employee.

21.    Defendant is now, and at all times mentioned in this Complaint was, an investigative consumer reporting agency and prepared investigative consumer reports within the meaning of Civil Code § 1786.2 (d) in the regular course of its business.

22.    Defendant violated Civil Code § 1786.29 (a) of the ICRAA, which requires that the report include a notice on the first page in at least 12-point boldface type stating that "the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report."

23.    With respect to the reports furnished by Defendant about plaintiff, they did not contain the required Identity Theft Disclaimer in the required font and size in the required location.

24.    With respect to each of the aforementioned violations of the ICRAA provisions, Defendant is liable to Plaintiff in the amount of the greater of the actual damages sustained as a result of the violations or $10,000 per violation pursuant to Civil Code § 1786.50 (a) (1).

25.    Defendant's violations were willful or grossly negligent within the meaning of Civil Code § 1786.50 (b), in that it knowingly failed to fulfill obligations without a good faith, reasonable belief in the legality of its actions.  Accordingly, Defendant is liable for punitive damages to plaintiffs pursuant to Civil Code § 1786.50, subdivision (b).

**SECOND CAUSE OF ACTION**

-6-

**COMPLAINT FOR DAMAGES**

**FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CIVIL CODE § 1786.18, AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION ONLY (On behalf of Plaintiff CHRISTOPHER GRECO Against all Defendants)**

26.     Plaintiff alleges and incorporate by reference, as though fully set forth herein, paragraphs 1 through 25 of this Complaint.

27.     California Civil Code §1786.18 prohibits an investigative credit reporting agency from making or furnishing any investigative consumer report containing records of arrest, indictment, information, misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years. These items of information shall no longer be reported if at any time it is learned that, in the case of a conviction, a full pardon has been granted or, in the case of an arrest, indictment, information, or misdemeanor complaint, a conviction did not result.

28.     Defendants violated California Civil Code §1786.18 on or about July 23, 2013 and on other dates currently unknown to plaintiff, by issuing investigative consumer reports about Plaintiff containing records of arrest, indictment, information, misdemeanor complaint, or conviction of crimes that, from the date of disposition, release, or parole, antedated the report by more than seven years including records from 1991, 1992, 1993, 1994, 1997, 2000 and 2001.

29.     With respect to each of the aforementioned violations of the ICRAA provisions, defendant is liable to plaintiffs in the amount of the greater of the actual damages sustained as a result of the violations or $10,000 per violation pursuant to Civil Code § 1786.50 (a) (1).

30.     Defendant's violations were willful or grossly negligent within the meaning of Civil Code § 1786.50 (b), in that defendants knowingly failed to fulfill obligations without a good faith, reasonable belief in the legality of their actions.   Accordingly, defendant is liable for punitive damages to plaintiffs pursuant to Civil Code § 1786.50, subdivision (b).

**THIRD CAUSE OF ACTION**

**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**

**[15 U.S.C.A. § 1681c]**

-7-

COMPLAINT FOR DAMAGES

(On behalf of Plaintiff and the Class against all Defendants)

31.     Plaintiff alleges and incorporate by reference, as though fully set forth herein, paragraphs 1 through 30 of this Complaint.

32.     The Federal Credit Reporting Act, 15 U.S.C.A. § 1681 et seq. imposes limitations on the issuance of consumer reports.

33.     The Act defines consumer reports as any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**(A)** credit or insurance to be used primarily for personal, family, or household purposes; **(B)** employment purposes; or **(C)** any other purpose authorized under section 1681b of this title.

34.     Defendant is a consumer reporting agency and or reseller  as defined by 15 U.S.C.A. § 1681a in that it furnished consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes and for employment purposes.

35.     On or about July 23, 2013 and on other dates currently unknown to Plaintiff, Defendant issued consumer reports about Plaintiff and issued consumer reports regarding the other members of the class during the class period defined above for the purpose of serving as a factor in establishing the consumer's eligibility for or insurance to be used primarily for personal, family, or household purposes; or for employment purposes.

36.     15 U.S.C.A. § 1681c prohibits the issuance of consumer reports containing information about civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period and any other adverse item of information, other than

-8-

**COMPLAINT FOR DAMAGES**

records of convictions of crimes which antedates the report by more than seven years.

37.     Defendant violated 15 U.S.C.A. § 1681c by furnishing consumer reports regarding the Plaintiff and the Class Members that contained information of records of arrest and other adverse item of information including criminal charges that were dismissed, that, from date of entry, antedated the report by more than seven years.

38.     Defendant furnished consumer reports regarding the Plaintiff on or about July 23, 2013 and on other dates currently unknown  that included information about a 1991 arrest and charge of "registration nonresident" that was set aside, a 1994 arrest and charge of "Threat-Intm Winj-Dmge Prop" that was dismissed, a 1994 charge for "Failure to Appear 2nd Deg" that was dismissed, a 1992 charge for "Failure to Appear 2nd Deg" that was dismissed, a 1992 charge for "Failure to Register in Arizona" that was set aside, and a 1992 charge for "Transfer of Title" that was set aside.

39.     Defendant wilfully violated 15 U.S.C.A. § 1681c by instituting a policy and practice of identifying arrests and the filing of criminal charges that did not result in a conviction and reporting those events indefinitely even when they predated the reports by more than seven years.  Defendant knew or was recklessly indifferent to the legal prohibitions on reporting certain arrests, charges and other adverse information but intentionally crafted and implemented a policy to report such information in violation of the FCRA.

40.     As the result of Defendant's willful violations of 15 U.S.C.A. §1681c Plaintiff and the class members are entitled to actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, punitive damages and attorneys' fees and costs.

## PRAYER

WHEREFORE, the PLAINTIFF and CLASS pray for judgment as follows:

1.     ON THE FIRST and SECOND CAUSES OF ACTION:

    (a)     The greater of Actual Damages or $10,000 for each violation;

    (b)     Punitive Damages;

    (c)     Attorneys' fees; and

-9-

**COMPLAINT FOR DAMAGES**

1

      (d)     Costs of suit

2

3    2.    ON THE THIRD CAUSE OF ACTION:

4        (a)    For actual damages or damages of not less than $100 and not more than

5            $1,000 for Plaintiff and each Class Member;

6        (b)    Punitive Damages;

7        (c)    Attorneys' fees; and

8        (d)    Costs of suit

9

10  Dated:  January 27, 2014          SPENCER LAW FIRM

11

12                           /S/

                             JEFFREY P. SPENCER

13                         Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

1

2   **DEMAND FOR JURY TRIAL**

3   Plaintiff hereby demands a trial by jury of all issues in this action.

4
    Dated:  January 27, 2014        SPENCER LAW FIRM
5

6                                        /S/
                                   JEFFREY P. SPENCER
7                                  Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

SELECTION MANAGEMENT SYSTEMS, INC. dba
SELECTION.COM and DOES 1 THROUGH 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CHRISTOPHER GRECO individually, and on behalf of all persons
similarly situated

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/27/2014** at 03:14:08 PM

Clerk of the Superior Court
By My-Vinh B. Pham,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

San Diego Superior Court, Hall of Justice, 330 W. Broadway, San
Diego, CA, 92101

**CASE NUMBER:**
**(Número del Caso):** 37-2014-00085074-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jeffrey Spencer, 903 Calle Amanecer, Suite 220, San Clemente, CA 92673 Tel. 949-240-8595

**DATE:** 01/27/2014
**(Fecha)**

Clerk, by _M Pham_ , Deputy
(Secretario) M. Pham (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  Selection Management Systems Inc.

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov