1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
2  TIM J. VANDEN HEUVEL, SB# 140731
      E-Mail: tim.vandenheuvel@lewisbrisbois.com
3  701 B Street, Suite 1900
4  San Diego, California  92101
    Telephone: 619.233.1006
5  Facsimile: 619.233.8627

6  Attorneys for Defendant Selection
7  Management Systems, Inc., dba Selection.com

8           UNITED STATES DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA

10

11 | CHRISTOPHER GRECO, individually | CASE NO. 3:14-cv-01174-JM-NLS
12 | and on behalf of all persons similarly situated, |
13 |           Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE PURSUANT TO F.R.C.P. 12(B)(3), 28 U.S.C. 1404(a) AND 1406(a); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6); OR IN THE ALTERNATIVE TO FOR A MORE DEFINITIVE STATEMENT PURSUANT TO F.R.C.P. 12(e)**
14 | v. |
15 | SELECTION MANAGEMENT |
16 | SYSTEMS, INC. dba SELECTION.COM and DOES 1 |
17 | through 100, inclusive, |
18 |           Defendants. |
19 | |
20 | | Date:  June 23, 2014
21 | | Time:  10:00 a.m.
22 | | Crtrm. 5D
23 | | Judge: Hon. Jeffrey T. Miller
24 | | [No Oral Argument Request]

25     TO PLAINTIFF AND HIS ATTORNEY OF RECORD:
26     PLEASE TAKE NOTICE THAT ON June 23, 2014 at 10 a.m. or as soon
27 thereafter as the matter may be heard in the courtroom of the Hon. Jeffrey T. Miller,
28 located at 880 Front Street, San Diego, California 92101, defendant Selection

4817-2250-8827.1

NOTICE OF MOTION AND MOTION TO DISMISS

1  Management Systems, Inc. will and hereby does move pursuant to Federal Rule of
2  Civil Procedure 12(b)(3), 28 U.S.C. 1404(a) and 1406(a), for an order dismissing or
3  transferring this action to the United States District Court, Southern District of Ohio
4  as a result of improper venue; or in the alternative, to dismiss the first and second
5  claims for relief pursuant to F.R.C.P. 12(b)(6) on the grounds that they cannot state a
6  grounds for relief; or in the alternative for an Order Requiring a More Definitive
7  Statement pursuant to Federal Rule of Civil Procedure 12(e), as the complaint is so
8  vague and ambiguous that defendant cannot reasonably be expected to frame a proper
9  response.

10  The factual basis of the motion is that the case revolves entirely around an
11  intra-state transaction in Cincinnati, Ohio by two residents of Ohio, that California
12  law is inapplicable to the case as pleaded, that correct venue is in the United States
13  District Court, Southern District of Ohio, that Ohio law applies, and that the first and
14  second causes of action fail to state a claim for relief and are uncertain, vague and
15  ambiguous in nature.

16  This motion is based on this Notice of Motion, the Memorandum of Points and
17  Authorities and the Declaration of Charles D. Bailey filed and served herewith, and
18  upon the papers, records and pleadings on file herein.

20  DATED: May 9, 2014         LEWIS BRISBOIS BISGAARD & SMITH LLP

22                              /s/Tim J. Vanden Heuvel
                                Tim J. Vanden Heuvel
23                              Attorneys for Defendants SELECTION
                                MANAGEMENT SYSTEMS, INC. dba
24                              SELECTION.COM

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

This case involves a pre-employment background check requested by Axcess Financial regarding plaintiff Christopher Greco. Axcess Financial is a registered trade name of an Ohio corporation in good standing, which can be verified on the Ohio Secretary of State's website located at http://www2.sos.state.oh.us. [Declaration of Charles D. Bailey "Bailey Dec." ¶ 7] Axcess Financial is headquartered in Ohio, and has a principal place of business located at 7755 Montgomery Road, Suite 400, Cincinnati, Ohio 45236. That fact can be verified via Axcess Financial's website located at www.axcess-financial.com/Overview.aspx [Bailey Dec. ¶ 7]

Axcess Financial, through its Human Resources Department located in Cincinnati, Ohio, requested a pre-employment background check of Christopher Greco from defendant Selection Management Systems, Inc. [Bailey Dec. ¶ 6] Selection Management Systems, Inc. is also an Ohio corporation in good standing. [Bailey Dec. ¶ 2] Selection Management Systems, Inc. is headquartered in Ohio, and has a principal place of business located at 155 Tri-County Parkway, Suite 150, Cincinnati, Ohio 45246. [Bailey Dec. ¶ 2]

Selection Management Systems, Inc. is not incorporated in California, is not qualified to do business in California, has never had an office in California, and has no employees in California. [Bailey Dec. ¶ 3]

Selection Management Systems, Inc. completed and assembled the pre-employment background check at its Cincinnati office. Business records of Selection Management Systems, Inc. indicate that Axcess Financial obtained the background report regarding Christopher Greco from Selection Management Systems, Inc.'s secure computer portal, maintained at its corporate headquarters in Cincinnati, Ohio. [Bailey Dec. ¶ 8] Selection Management Systems, Inc. did not transfer the report regarding Christopher Greco to Axcess Financial at any location in California. [Bailey

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4817-2250-8827.1

NOTICE OF MOTION AND MOTION TO DISMISS

Dec. ¶ 8]  The only person known by Selection Management Systems, Inc. to have seen the report in California was plaintiff Christopher Greco, after he requested a copy. [Bailey Dec. ¶ 8]

The only witnesses and documents regarding the circumstances or making of the Christopher Greco background report, to defendants knowledge, are at Axcess Financial and Selection Management Systems, Inc., both in Cincinnati, Ohio.

## II.
## THE COMPLAINT

Plaintiff Christopher Greco filed his purported class complaint in the Superior Court for the County of San Diego.  The gravamen of his complaint is that certain "records of arrest, indictment, information, misdemeanor complaint or conviction of crimes" reported allegedly antedated the report by seven years in violation of *California Civil Code* § 1786.18. [Complaint ¶ 28]  Plaintiff also complains that certain statutory language required under *California Civil Code* § 1786.29 to be placed in 12 point type were absent from the report. [Complaint ¶ 22]

What plaintiffs Complaint utterly lacks is a concise statement of how California law could possibly apply to a pre-employment check:

1. Requested by an Ohio corporation located in Cincinnati, Ohio;
2. Performed by an Ohio corporation located in Cincinnati, Ohio;
3. Delivered at a secure data portal located in Cincinnati, Ohio;
4. Delivered in Ohio by a corporation not incorporated or registered to do business in California, without offices or employees in California, whom plaintiff even alleges "has no principle place of business in California." [Complaint ¶ 9]

In short, this is a Complaint that at best can be heard under Ohio law, and should be venued in Ohio.  The defendant is an Ohio corporation, based in Cincinnati, Ohio, without and offices or employees in California.  The California statutory provisions cited in the Complaint simply cannot be applied extra-territorially to create liability in Ohio.  Ohio law would govern the Ohio companies actions in Ohio.

Moreover, the witnesses and documents are in Cincinnati, Ohio, and accordingly the court can transfer the matter *sua sponte* or on motion based upon the convenience of the parties and witnesses.

Accordingly, defendant Selection Management Systems, Inc. requests that the case be dismissed without prejudice or transferred pursuant to F.R.C.P. 12 (b)(3), 28 U.S.C. 1404(a) and 1406(a), or in the alternative, that the first two causes of action premised on the California Civil Code be dismissed pursuant to F.R.C.P. 12 (b)(6).

## III.
## THE COURT SHOULD DISMISS THE CASE WITHOUT PREJUDICE OR TRANSFER IT FOR FAULTY AND INCONVENIENT VENUE

Pursuant to F.R.C.P. 12(b)(3) and 28 USC § 1406(a) and 1404(a), this Court has authority to dismiss and/or transfer the case to the United States District Court, Southern District of Ohio, which envelopes Cincinnati, Ohio. *National Accept. Co. of America v. Weschsler* (N.D. Ill. 1980) 489 F. Supp. 642, 649; *Mills v. Beech Craft Aircraft Corp.* (5th Cir. 1989) 886 F2d 758, 761

The majority rule is that if venue is challenged, plaintiff has the burden of establishing that venue is appropriate in the forum. *Airola v. King* (D AZ 1980) 505 F. Supp. 30, 31; *Simon v. Ward* (ED PA 2000) 80 F. Supp. 464, 468 (collecting cases)

Selection Management Systems, Inc. is an Ohio corporation in good standing, is headquartered in Ohio, and has a principal place of business located at 155 Tri-County Parkway, Suite 150, Cincinnati, Ohio 45246. [Bailey Dec. ¶ 2] Selection Management Systems, Inc. is not incorporated in California, is not qualified to do business in California, has never had an office in California, and has no employees in California. [Bailey Dec. ¶ 3] In short, Selection Management Services, Inc. has little if any contact or connection to the Southern District of California, and venue before this tribunal is inappropriate.

If the court finds venue improper, it must either dismiss for lack of venue or transfer the case to any district in which it could have been originally brought. [28

1  U.S.C. § 1406(a); see *Johnson v. Payless Drug Stores Northwest, Inc.* (9th Cir. 1991)
2  950 F2d 566, 588  Even if the Court finds venue proper, the Court may order transfer
3  under 28 U.S.C. 1404 (a) "for convenience of parties and witnesses and in the
4  interests of justice." *James v. Norfolk & Western Railway Co.* (SD OH 1976) 430 F.
5  Supp. 1317, 1319.  Such transfer can ordered *sua sponte* even if nor specifically
6  requested by the defendant. *Riordan v. W.J. Bremer, Inc.* (SD GA 1979) 466 F. Supp.
7  411, 417

The United States District Court, Southern District of Ohio, which envelopes Cincinnati, Ohio is an appropriate venue in that it would have subject matter jurisdiction, defendant would be subject to personal jurisdiction, and venue would have been proper if initially filed there. *Hoffman v. Blaski* (1980) 363 U.S. 335, 343-344, 80 S. Ct. 1084, 1089-1090; *Matseos v. Select Energy Services*, L.L.C. (WD TX 2013) 919 F. Supp.2d 817, 820

In this matter, the party requesting the report and the party providing the report are in Cincinnati, Ohio. [Bailey Dec. ¶ 3 and 7]  The report was generated in Cincinnati, Ohio, and delivered in Cincinnati, Ohio. [Bailey Dec. ¶ 8]  The witnesses and documents are in Cincinnati, Ohio. [Bailey Dec. ¶ 9]  Any depositions would need to be conducted in Cincinnati, Ohio.  The Court would need to apply Ohio substantive law to the claim.  The convenience of the parties, convenience of the witnesses, and interests of justice all dictate that venue in Cincinnati, Ohio is appropriate. *Lopez Perez v. Hufstedler* (D DC 1980) 505 F. Supp. 39, 41; *E & J Gallo Winery v. F & P S.p.A.* (ED CA 1994) 899 F. Supp. 465, 466  Accordingly, the Court can dismiss the action without prejudice or transfer the action to the United States District Court, Southern District of Ohio.

## IV.

## IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE FIRST AND SECOND CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM

Plaintiff's first and second causes of action also fail to state a claim on which

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  To overcome this challenge, plaintiff must demonstrate that he states a facially plausible claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 684, 129 S. Ct. 1937, 1949 (2009).  Allegations of wrongdoing will be deemed "implausible" if there are "obvious alternative explanations for the facts alleged indicating lawful conduct, not the unlawful conduct alleged by plaintiff." *Id.* at 682.

In the First and Second causes of action within the Complaint, plaintiff makes *no showing* as to how California law applies to the pre-employment report at issue.  There is not even an allegation as to *who requested the report*, much less an allegation that the report was *delivered in California.*  Instead, there are the barren allegations that a California statute applies to an Ohio defendant without any explanation whatsoever.  [Complaint ¶ 15, 22, 27, 28]  Plaintiff's first two causes of action against this Ohio defendant for actions taken in the State of Ohio are even based solely upon California Civil Code 1786.29 and 1786.18.

It is a matter of hornbook law that California statutory law cannot be extra-territorially applied to create liability in other states.  This case involves an Ohio corporation (*Selection Management Services, Inc.*) providing services to another Ohio corporation (*Axcess Financial*) within the State of Ohio.  These Ohio residents, acting in Ohio, are subject to Ohio law, not California law.

The evasive manner in which plaintiff alleges his First and Second Causes of Action in the Complaint make it clear that he cannot state a plausible claim for relief under *Twombly/Iqbal* standards.  Accordingly, to the extent this Court does not dismiss or transfer the case for faulty venue, it should dismiss the first and second causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V.

## IN THE ALTERNATIVE, SELECTION MANAGEMENT SYSTEMS, INC. REQUESTS AN ORDER REQUIRING A MORE DEFINITIVE STATEMENT

In the alternative, defendant Selection Management Systems, Inc. also moves for an Order Requiring a More Definitive Statement pursuant to Federal Rule of Civil Procedure 12(e). A Rule 12(e Motion is appropriate where the complaint is so vague and ambiguous that defendant cannot reasonably be expected to frame a proper response. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011).

To the extent that the Court allows the First and Second Causes of Action to be amended, defendant is entitled to a clear statement of the theory that allows plaintiff to assert liability under California law against an Ohio corporation for acts completed solely in Ohio. Defendant submits that no such theory exists, and to the extent leave to amend is granted, a more definitive statement should be required pursuant to F.R.C.P. 12(e).

## VI.

## CONCLUSION

Based upon the foregoing points and authorities, defendant Selection Management Services, Inc. requests that its motion be granted in its entirety.

DATED: May 9, 2014

TIM J. VANDEN HEUVEL
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Tim J. Vanden Heuvel
Tim J. Vanden Heuvel
Attorneys for Defendant Selection
Management Systems, Inc., dba
Selection.com

**FEDERAL COURT PROOF OF SERVICE**

Greco v. Selection Management Systems, et al. - USDC Case No. 3:14-cv-01174-JM-NLS

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 9, 2014, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE PURSUANT TO F.R.C.P. 12(B)(3), 28 U.S.C. 1404(a) AND 1406(a); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6); OR IN THE ALTERNATIVE TO FOR A MORE DEFINITIVE STATEMENT PURSUANT TO F.R.C.P. 12(e)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

| SPENCER LAW FIRM | LAKESHORE LAW CENTER |
|---|---|
| Jeffrey Spencer, Esq. | Jeffrey Wilens, Esq. |
| 903 Calle Amaneer, Suite 220 | 1830 Yorba Linda Blvd., Suite 107-610 |
| San Clemente, CA 92673 | Yorba Linda, CA 92886 |
| Tel: (949)240-8595 | Tel: (714)854-7205 |
| Fax: (949)240-8515 | Fax: (714)854-7206 |
| Email: jps@spencerlaw.net | Email: jeff@lakeshorelaw.org |

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 9, 2014, at San Diego, California.

_____
Jennifer Cannone

4845-9265-8971.1