1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

CHRISTOPHER GRECO,

11

Plaintiff,

vs.

12

SELECTION MANAGEMENT
SYSTEMS, INC. dba
SELECTION.COM,

13

14

Defendant.

15

CASE NO. 14cv1174 JM(NLS)

ORDER REMANDING ACTION TO
STATE COURT FOR LACK OF
SUBJECT MATTER JURISDICTION

16

17

18

19

20

21

Defendant Selection Management Systems ("SMS"), dba Selection.com, moves to transfer this action to the Southern District of Ohio or to dismiss the claims pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff Christopher Greco opposes both motions. Pursuant to L.R. 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court remands the action for lack of subject matter jurisdiction and instructs the Clerk of Court to close the file.

22

## BACKGROUND

23

The Complaint

24

25

26

27

28

On January 27, 2014, Plaintiff, a citizen of the state of California, commenced this action against SMS in the Superior Court for the County of San Diego by alleging three claims for violation of (1) Cal. Civil Code §1786.29(a), (2) Cal. Civil Code §§1786.11 and 1786.20, and (3) 15 U.S.C. §1681c. Plaintiff's claims arise from a pre-employment background check requested by Axcess Financial, an Ohio corporation

1   with its principal place of business in that state.  (Bailey Decl. ¶7).   Axcess Financial
2   requested a pre-employment background check from SMS, also an Ohio corporation
3   with its principal place of business in that state.  (Compl. ¶9, Bailey Decl.6).

4          Plaintiff brings this action on behalf of a nationwide class and a subclass of
5   California residents who, within two years of filing the complaint, were subject to a
6   consumer report sold by SMS "that contained adverse information other than records
7   of convictions of crimes and which information antedated the report by more than
8   seven years." (Compl. ¶¶2, 3).  With respect to count one, among other things, Plaintiff
9   alleges that the background report violated Civil Code §1786.29(a) because it did not
10  contain 12-point boldface type stating that "the report does not guarantee the accuracy
11  or truthfulness of the information as to the subject of the investigation, but only that it
12  is accurately copied from public records, and information generated as a result of
13  identity theft, including evidence of criminal activity, may be inaccurately associated
14  with the consumer who is the subject of the report." (Compl. ¶22).  With respect to
15  count two, Plaintiff alleges that the background report violated Civil Code §1786.18
16  because the report contained "records of arrest, indictment, information, misdemeanor
17  complaint, or conviction of crimes that, from the date of disposition, release, or parole,
18  antedated the report by more than seven years." (Compl. ¶28).  With respect to count
19  three, Plaintiff alleges that the background report violated 15 U.S.C. §1681c by
20  containing information about records of arrest and other adverse information that
21  antedated the report by more than seven years.  (Compl. ¶37).

22         With respect to Plaintiff's background report, he alleges that it improperly
23  included information about certain criminal proceedings occurring in 1991 and 1992.
24  (Compl. ¶38).   The reporting of these criminal proceedings, not resulting in a
25  conviction, predated the report by more than seven years, thus allegedly subjecting
26  SMS to statutory penalties of not less than $100 and not more than $1,000.  (Compl.
27  ¶39).

28

14cv1174

The Notice of Removal

On May 9, 2014, SMS removed the action to this court alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2). Plaintiff alleges that the class consists of more than 100 members with more than $5,000,000 in dispute. (Ct. Dkt. 1). In support of removal, Charles D. Bailey, a Senior Vice President of SMS declares that it completes approximately 25,000 nationwide background checks per year and that the class, therefore, consists of about 50,000 members. (Bailey Decl. ¶5). Mr. Bailey does not identify what portion of those background checks contain adverse information that antedates the reports by more than seven years.

Mr. Bailey also declares that SMS completed the background check of Plaintiff in Ohio and provided the report to Axcess Financial in Ohio. Mr. Bailey also declares that SMS has no office or employees in California. When Plaintiff requested a copy of the background report, a copy was provided to Plaintiff in California.

## DISCUSSION

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Defendant, as the party who invokes federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir.

1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981).  Any doubts regarding removal jurisdiction are construed against Defendant and in favor of remanding the case to state court.  See Gaus, 980 F.2d at 566.  Even after enactment of CAFA, the burden of demonstrating subject matter jurisdiction at the time the Notice of Removal is filed remains with Defendant.  See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) (under CAFA, defendant retains the burden of establishing federal jurisdiction, including the amount in controversy).

As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). As discussed in Abrego, where the plaintiff fails to plead a specific amount of damages, the defendant seeking removal  "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." 443 F.3d at 683 (citing Gaus, 980 F.2d at566).  In Abrego, the complaint sought only "pre-and post-judgment interest, attorney's fees and costs, and relief in the form of special, general, punitive, and exemplary damages due and awardable pursuant to the actions of Defendants." 443 F.3d at 688.  As damages were not quantified, the court looks beyond the complaint to "consider facts in the removal petition." Id. at 690.

Here, looking to the Complaint and the Notice of Removal and supporting documentation, SMS fails to make a sufficient jurisdictional showing.  While Mr. Bailey declares that SMS performed about 50,000 background checks during the class period, there is simply no indication how many of those involved the reporting of criminal proceedings (except convictions) antedating the background report by more than seven years.  Undoubtedly, the number of class members is a small fraction of the total number of background reports. Without some indication as to the number of class members - and by corollary, the amount in controversy - the court has substantial doubt

regarding the existence of subject matter jurisdiction.  As jurisdictional doubts are construed against SMS and in favor of remanding the case to state court, <u>see</u> <u>Gaus</u>, 980 F.2d at 566, the court remands the action to state court.[1]

Finally, as noted in <u>Harris v. Bankers Life & Casualty Co.</u>, 425 F.3d 689, 698 (9th Cir. 2005), "[b]y assuring that removal occurs once the jurisdictional facts supporting removal are evident, we also ensure respect for the jurisdiction of state courts."  Where a defendant, like here, fails to establish that it is more likely than not that subject matter jurisdiction lies in federal court, remand is appropriate.[2]

In sum, the court remands this action to state court and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED:  June 26, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[1] The court notes that the parties will not be prejudiced by remand to state court where jurisdictional discovery may indeed establish CAFA jurisdiction.  CAFA provides that class actions may be removed at any time once defendant is put on notice that the case is removable.  <u>See</u> 28 U.S.C. §1453(b).  The court is also concerned that SMS has not been forthcoming in identifying the number of class members.  SMS is in the best position to determine the number of potential class members from its own business records.  SMS, however, has not disclosed that information.

[2] The court notes that SMS could have potentially sought removal based upon 28 U.S.C. §1331 because the third cause of action asserts a federal claim.  However, as is its prerogative, SMS opted not to remove the action based upon federal question jurisdiction and would presumably be barred from removing solely on this ground in the future.